No. 36,364

MABEL L. LECHLEITNER, *Appellee*, v. C. C. CUMMINGS, *Appellant*.

No. 36,451

MABEL L. LECHLEITNER, *Appellee*, v. C. C. CUMMINGS, *Appellee*, and FARMERS AUTOMOBILE INTER-INSURANCE EXCHANGE, *Appellant*.

(163 P. 2d 423)

454

*Dallas W. Knapp,* of Coffeyville, and *J. O. Emerson,* of Kansas City, argued the cause, and *Fred Robertson, Edward M. Boddington,* both of Kansas City, *Arthur C. Popham* and *Sam Mandell,* both of Kansas City, Mo., were on the briefs for the appellant.

*Aubrey Neale,* of Coffeyville, argued the cause, and *Raymond Belt,* of Coffeyville, was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: The appeals here considered represent two phases of one action in the trial court. Owing to the nature of the questions presented the following statement is made:

Plaintiff brought an action against defendant Cummings to recover damages for the wrongful death of her husband. A trial was had, a judgment rendered, a new trial granted, and an appeal taken by the defendant Cummings to this court, where the rulings and judgment of the trial court were affirmed. See *Lechleitner v. Cummings,* 159 Kan. 171, 152 P. 2d 843. Thereafter a second trial was had resulting in a judgment for plaintiff on January 5, 1945, in the sum of $5,629.17. From this judgment Cummings has appealed to this court. The abstract of the record discloses the notice of appeal was dated January 12, 1945, but neither the abstract nor the certificate of the clerk of the trial court to this court, filed here on January 26, 1945, discloses when the notice of appeal was filed in the office of the clerk of the district court. The abstract of the record further discloses that an execution was issued on the judgment on January 17, 1945, and returned unsatisfied on January 23, 1945. No supersedeas bond was ever given. The abstract of the record further discloses that an affidavit in garnishment, verified under date of March 6, 1945, was filed in the trial court but the date of its filing is not shown. The garnishee named was Farmers Automobile Inter-Insurance Exchange, hereafter referred to as the Exchange. It had issued a policy to Cummings insuring him in the sum of $5,000 against liability for damages to any one person. Trial was had on issues joined and a judgment rendered against the Exchange on May 19, 1945. From this judgment the Exchange has appealed to this court. The notice of appeal was dated May 25, 1945, and the certificate of the clerk of the trial court to this court

was filed May 31, 1945, but neither the abstract of the record nor the clerk's certificate shows when the appeal was perfected. As will appear later, it is of some importance when the first appeal was perfected. Counsel could materially assist this court by having the abstract of the record show when pleadings are filed and appeals perfected.

Taking up the appeal in No. 36,364, we note that the specifications of error are that the trial court erred in overruling defendant's (1) demurrer to the evidence, (2) motion for judgment at the close of the evidence, (3) motion for a new trial, and (4) his motion to set aside special finding No. 4, which will be considered in the order stated.

In the first appeal in this case (159 Kan. 171, 152 P. 2d 843) this court considered a demurrer charging that the evidence failed to show the defendant's negligence, and that there was no causal relation between the accident and the death, and held that the demurrer was properly overruled. In that opinion may be found an extended statement of what that evidence consisted. In that opinion notice was also taken of a contention that the evidence showed plaintiff to be guilty of contributory negligence, a contention not considered for reasons stated, but where it was said that if the contention had been made it probably would not have been sustained (l. c. 174). The demurrer lodged at the second trial and now under consideration includes the original charges and the charge of contributory negligence.

The only difference in the evidence at the first and second trials to which our attention is directed is this: Walter E. Johnson, a police officer of Coffeyville, investigated the accident and talked with Mr. Lechleitner shortly after the accident. At the first trial he reported a conversation with Mr. Lechleitner in the presence of Cummings in which Lechleitner said he was driving about twenty miles an hour, noticed a Ford car parked ahead of him on the highway, he started to slow down because there was a car approaching and he slowed down to about ten miles an hour, when a car (of defendant) rammed into the back of his car. In the second trial Johnson stated that he had forgotten just what Mr. Lechleitner did say, that the accident happened two years ago, that Mr. Lechleitner said he was driving west, there was a car on the pavement ahead, he had been driving about twenty miles an hour and *"he slowed down to about ten and started around this car and saw an-*

*other car coming from the west* and slowed down until this other car could get by before going around and about that time he was hit from the rear." Appellant stresses the language italicized and argues that it convicts Mr. Lechleitner of contributory negligence. At another place in his testimony Johnson said that Mr. Lechleitner said he had slowed down "with the *intention of going around* when he saw this other car coming from the west." (Emphasis supplied.) We need not mention other testimony which was reviewed in the first appeal. Appellant argues that our conclusion in the first appeal as to the sufficiency of the demurrer was rested in great part on the fact that any defects in plaintiff's evidence were supplied by that of the defendant. The contention is too broad. It must suffice here to say that in determining whether the proof showed defendant's negligence or that Mr. Lechleitner was guilty of contributory negligence, we have considered only the testimony offered by the plaintiff. We think it may not be said that, as a matter of law, plaintiff's evidence failed to show defendant's negligence or did show Mr. Lechleitner was guilty of contributory negligence. Whether either was guilty of negligence was a fair question for the jury. As to the other grounds of the demurrer, it is clear the same questions were presented and decided on the first appeal. Under well-established rules, this court refuses to reopen and reconsider what was decided in an earlier appeal in the same case. See, *e. g., Estes v. Zinc Co.*, 97 Kan. 774, 156 Pac. 758; *Ingalls v. Smith*, 101 Kan. 301, 167 Pac. 1040; *State, ex rel., v. Lyons*, 106 Kan. 860, 189 Pac. 976; *Shelley v. Sentinel Life Ins. Co.*, 146 Kan. 227, 69 P. 2d 737; *Fleming v. Campbell*, 148 Kan. 516, 83 P. 2d 708.

Substantially the same questions were raised by the motion for judgment as were raised by the demurrer and need no further consideration.

There was no error in ruling on the motion for a new trial unless there was error in refusing to strike out the answer to special question 4, as not supported by the evidence. That question and answer were as follows:

"4. Q. If you find from the evidence that the defendant was negligent then state in what manner you find him to have been negligent. A. Failing to see that highway was not clear on the left side before trying to pass the Lechleitner car."

Appellant directs our attention to authorities that where the jury finds a particular act of negligence, it exonerates the defendant

of other acts charged. The rule is correctly stated. It is not argued however that the particular act found was not charged, but that the answer made is not supported by the evidence. While it is true that Cummings testified point-blank that he had no intention of passing the Lechleitner car and that it stopped abruptly ahead of him, the jury did not have to credit his testimony. There was ample evidence the roadway was level and traffic could be seen. Cummings, although stating Lechleitner stopped suddenly, said that he saw the Lechleitner car; that the car did not cross to the left of the center line; that he saw the car slacken speed and that he applied his brakes, started around, saw the car coming from the west, started to miss him and didn't have time to get back. There was other evidence of skid marks made by the Cummings car showing that it was over on the left-hand side of the road and then went forward, to the right and into the rear of the Lechleitner car. It cannot be said the finding lacks support in the evidence.

The judgment of the trial court in No. 36,364 is affirmed.

We now take up the appeal in No. 36,451.

From the statement of facts heretofore made it appears that an appeal was perfected no later than January 26, 1945, from the judgment rendered against the defendant Cummings on January 5, 1945, and that the affidavit in garnishment was filed not earlier than March 6, 1945. We need not review fully the affidavit for garnishment, the answer of the garnishee Exchange, nor the intervening petition of the defendant Cummings, nor the ruling of the trial court refusing to strike the intervening petition, nor the judgment of the trial court that the garnishee, the Exchange, pay plaintiff the sum of $5,000 and all accrued costs including an attorney's fee of $25, within ten days or file a bond with good and sufficient surety that it would pay "any final judgment and costs rendered against the defendant."

We do note an allegation of costs rendered against defendant Cummings in the first trial in the sum of $55.98, and that this amount was mentioned in the findings of fact of the trial court in the garnishment proceedings, but no judgment was rendered on account thereof and this item will not be mentioned further.

In view of our conclusions, we shall devote no time to appellant's specification of error that the trial court erred in denying its motion to strike the intervening petition of the defendant Cummings. The

other specifications of error raise the question whether, under the facts of this case, the plaintiff may maintain proceedings in garnishment against the Exchange on account of her judgment against Cummings by reason of the policy of insurance issued to Cummings by the Exchange.

There is no dispute that the proceedings in garnishment were instituted after the appeal from the judgment was perfected to this court. Neither is there any dispute concerning issuance of the policy by the Exchange to Cummings or the clause therein determining the liability of the Exchange to the defendant Cummings. That clause reads, in part:

"No action shall lie against the Exchange unless, as a condition precedent thereto, . . . . until the amount of the insured's obligations to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Exchange."

There is no contention that under the policy there is any direct liability of the Exchange to the plaintiff as claimant. It seems to be conceded the policy is an indemnity and not a liability policy.

In the briefs of appellant and appellee it is stated that neither has found any decision of this court as to the right to maintain garnishment proceedings under the facts existing and that the question is one of first impression in Kansas. Our research has disclosed none of our decisions that is at all decisive. Although the decisions from other jurisdictions are not in harmony, the lack thereof depends in some instances on variances in types of policies or policy provisions, on difference of states of facts, on different procedural requirements, and in others the results are simply not in agreement.

Although the question now under consideration was not involved, we note that in *Lewis v. Barnett*, 139 Kan. 821, 33 P. 2d 331, 93 A. L. R. 1082, it was held:

"A claim for damages in tort for the negligence of another does not become a debt under the garnishment statute of this state until it is merged into a judgment.

"A claim for damages in tort for the negligence of another is not a contingent liability, as included and mentioned in the garnishment statute of this state." (Syl. ¶¶ 1, 2.)

In *Pacific Gas & Elec. Co. v. Nakano*, 12 Cal. 2d 711, 87 P. 2d 700, 121 A. L. R. 417, the question was the validity of a garnishment levied upon a judgment in a tort action pending appeal from

the judgment. In that opinion it is stated the weight of authority supports the rule that pending an appeal from a judgment rendered in a tort action, the debt represented by the judgment is not subject to garnishment. In support are cited the following authorities, which we shall not review: *Arp v. Blake,* 63 Cal. App. 362, 218 Pac. 773; *Grocer Co. v. T. & P. Ry. Co.,* 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353; *Miller v. Newell,* 20 S. C. 123, 47 Am. Rep. 833; 4 Am. Jur., p. 685, § 206. The trial court had upheld the garnishment, but on appeal the supreme court reversed holding in accordance with the rule stated.

In an annotation to the above case in 121 A. L. R. 420, on a judgment in a tort action as being subject to assignment, attachment or garnishment pending appeal, it is stated that the general rule appears to be that pending appeal a judgment rendered in a tort action is not subject to garnishment since the appeal "operated to keep alive the case as one of tort as it existed before the judgment was rendered."

Appellee recognizes the division of authority and directs our attention to three cases specifically: *Edwards v. Fidelity & Casualty Co. of N. Y.,* 11 La. App. 176, 123 So. 162; *Materazzi v. Commercial Casualty Ins. Co.,* 157 Misc. 365, 283 N. Y. S. 942; and *Gooschin v. Mercer Casualty Co.,* 178 Wash. 114, 34 P. 2d 435, and generally to other cases noted in the following annotations: 85 A. L. R. 50 *et seq.,* and 106 A. L. R. 525 *et seq.* Without analysis of each case, it may be said generally they adhere to the view that when a claim in tort has been reduced to judgment, and an execution has been returned unsatisfied, the judgment is final and subject to garnishment within the meaning of an insurance policy provision, notwithstanding the pendency of an appeal.

Appellant directs our attention to *Ancateau v. Commercial Cas. Ins. Co.,* 318 Ill. App. 553, 48 N. E. 2d 440, where the policy provision under consideration was identical with the provision presently involved. There pending an appeal, garnishment proceedings were instituted. In the course of its opinion the court distinguished some of the cases where garnishment proceedings were upheld and cited many others holding generally that garnishment is premature during the pendency of an appeal in the original action. The court stated that the insurer's obligation under the policy is that of insurer and extends no further than that relation and that it is ele-

mentary that in a garnishment proceeding the plaintiff cannot recover against the garnishee unless the judgment debtor could do so. The court concluded the garnishment proceedings were premature.

Turning now to the instant case, it is clear that Cummings, having appealed from the plaintiff's judgment against him, did not recognize or acknowledge that the judgment was final. With the cause in that status he had no matured claim or cause of action against the Exchange, and at that stage of the litigation the Exchange owed him nothing. Under the reasoning of the Ancateau case, *supra*, Cummings not being entitled to recover from the Exchange, the plaintiff could not recover against it through proceedings in garnishment.

As applied to the facts now before us, we are of the opinion that when the garnishment proceedings were instituted, and when the judgment therein was rendered the amount of the Exchange's obligation to pay had not been finally determined; that Cummings could not have successfully maintained any action on the policy against the Exchange, and the plaintiff was in no better position; that the proceedings in garnishment were premature and that the court erred in rendering judgment thereon.

In view of our conclusion, it is not necessary that we discuss the question argued in the briefs as to the liability of the Exchange for the excess of the judgment over the amount of the policy.

The judgment in No. 36,451 is reversed and set aside.

Upon consideration, the court orders that the costs in this court on both appeals be equally divided between the appellee plaintiff and the appellant Exchange.