Anthony J. Cuttone, Plaintiff-Appellee, v. Joseph T. Peters, Defendant-Deceased, and Gibraltar Insurance Company, a Corporation, Garnishee-Defendant, Appellant.

Gen. No. 50,260.

First District, Second Division.

January 11, 1966.

Erwin Cohn, of Chicago, for appellant.

Fishman and Fishman, of Chicago (Ronald S. Fishman, of counsel), for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This appeal comes from a judgment entered in the Circuit Court of Cook County November 13, 1964 finding for the appellee in his garnishment action against the appellant insurance company.

On January 19, 1961 an accident occurred involving the appellee Anthony J. Cuttone and Joseph T. Peters. Apparently negotiations toward a settlement between the parties proved futile and a law suit was filed January 16, 1963. On May 9, 1963, a default judgment was entered against Peters in the sum of $1,200. (The original order showed the sum to be $200, but the court entering the order found this to be a clerical error and corrected it in an order nunc pro tunc.) A motion to vacate this

default judgment was subsequently filed on behalf of Peters by his insurance company, the appellant here, and the hearing was continued until October 21, 1963. Peters died on August 8, 1963, while the motion was still pending. When the motion to vacate was heard on October 21, 1963, it was denied.

This garnishment action against the appellant insurance company was brought the next day, October 22, 1963. The appellant was duly served, and on the return day filed its answer of "no funds." It was discharged by order of the court November 13, 1963. The following day, the court refused to grant the insurance company's motion filed under sec 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 72), asking that the default judgment of May 9, 1963, be set aside, and on December 6, 1963, granted a motion of plaintiff to set aside the "no funds" answer of the insurance company which was granted that same day.

Gibraltar Insurance Company then initiated an appeal to this Court seeking to set aside the default judgment which had been entered against Peters. The appeal was dismissed by this Court November 30, 1964, and a motion to set aside the order of November 30 was denied December 22, 1964. An appeal was then taken to our Supreme Court but the petition for leave to appeal was denied March 16, 1965. No supersedeas bond was filed for the appeal from the entering of the default judgment and the appellee asked that the garnishment proceed. The insurance company claims that it was not necessary to take out a supersedeas bond to prevent garnishment, but the court below ruled against this contention and ordered the cause to trial. The insurance company then filed an amended answer which claimed that the insured, Peters, had not cooperated and that, therefore, it was relieved of liability. After hearing evidence, the court below entered judgment against the insurance company.

The appellant insurance company here claims that the plaintiff must prove that the deceased insured complied with the terms of the insurance policy including cooperating in the defense of the action brought by the plaintiff. It is also claimed that a supersedeas bond is unnecessary to suspend the finality of a judgment and that the garnishment action was premature while an appeal from the default judgment was pending. Finally, the appellant claims that the deceased insured's administrator was an indispensable party to the garnishment proceedings and that the garnishment judgment entered below is null and void.

It was admitted by the insurance company that it had issued a policy to Peters and that this policy was in effect at the time of the accident. This division held in the case of Panczko for Use of Enright v. Eagle Indemnity Co., 346 Ill App 144, 104 NE2d 645 (1952) that the burden of proof was upon the insurance company if it sought to prove non-cooperation. This also is the rule in nearly every state in the union. See Appleman, Insurance Law and Practice, sec 12277 (1962 Ed). In the case at bar, the insurance company brought forth no evidence at all which would indicate a failure on the part of the insured to cooperate. That being so, this point can offer no grounds for reversing the judgment of the Court below.

The next claim is that the garnishment action was brought prematurely because an appeal was being taken from the default judgment at that time. It is claimed that a supersedeas bond was unnecessary to prevent the filing of a valid garnishment action. The insurance company argues that garnishment is ancillary to a final, valid judgment and that while there was an appeal pending from the default judgment it cannot be said that such judgment was final. In support of this proposition it cites Ancateau v. Commercial Cas. Ins. Co., 318 Ill App 553, 48 NE2d 440 (1943). There, the insurance

company filed a motion to strike the complaint in the garnishment proceeding on the ground that the suit was premature in that an appeal in the original suit was pending and that pending the disposition thereof the court could not determine whether the insured was indebted to the beneficial plaintiff or the amount of such indebtedness, if any. In that case, as in this, the appellant from the original judgment had not filed a supersedeas bond. The opinion discusses the decisions made by the courts of other states on this point and declares the general rule to be that a garnishment action is premature when there is an appeal being taken from the original judgment, even though it is being taken without the filing of a supersedeas bond. The thrust of the opinion seems to be that the insurance company was not a party to the original action and cannot, therefore, post a supersedeas bond if the defendant appeals. The court pointed to Sec 76 of the Civil Practice Act, (Ill Rev Stats 1941, c 110, § 200) and to § 32a of the Judgments Act (Ill Rev Stats 1941, c 77, § 35a) which it said were enacted for the protection of persons not parties to the suit where no supersedeas bond had been issued, and reasoned from these sections that there was a legislative policy which required the courts to protect the insurance company in the case before it.

Our research has shown us, however, that recent decisions have indicated a trend away from the philosophy expressed in the Ancateau opinion, supra. Travelers Ins. Co. v. Pinkerton-Hays Lumber Co., 120 So2d 448, (Fla 1960); Cassidy v. Southern Farm Bureau Cas. Ins. Co., 135 F Supp 757 (WD Ark 1955); Ohio Cas. Ins. Co. v. Gantt, 54 So2d 595, 6 Div 192 (Sup Ct Ala 1951); Nikkari v. Jackson, 39 NW2d 36 (Sup Ct Minn 1948). All these cases hold on facts identical with those in this action, that the garnishment action was not brought prematurely. It cannot be claimed in this case that the insurance company did not know that the action was being

■

brought, for it was the company's duty to bring forth evidence on this point, and as we noted above, it completely failed to do this.

After careful consideration, we feel that in this matter the interests of a plaintiff in a speedy and sure remedy must come before the interests of the insurance company. Should the underlying judgment be set aside the insurance company surely has a right of action against a plaintiff for recovery of any money it has paid. We must conclude that the opinion in the Ancateau case, supra, no longer represents the better law.

■ In any event, there is no appeal from the original judgment pending any longer. As was noted earlier, the appeal from the default judgment was dismissed by this Court November 30, 1964, and leave to appeal was denied by the Supreme Court March 16, 1965. We feel we cannot close our eyes to what has happened since the garnishment action was instituted, for even if there were doubt of the result in the appeal then pending that doubt has long since been extinguished. Sec 92 of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 92(1) (e) ) gives this court the power to "give any judgment and make any order which ought to have been given or made, and make any other and further orders and grant relief . . . that the case may require." While the appeal was pending, the court below decided that the appellee had a valid garnishment claim against the insurance company. The only change that has occurred since then is that the appeal from the judgment on which the garnishment was based has not been allowed. We cannot understand how this would work to the benefit of the appellant. Were we to set aside the judgment in the garnishment proceeding and remand the cause, the appellee would have to refile his garnishment action, the cause would go before the court below once again and he would make his findings again. It is inconceivable that when the only change in the intervening time has been the final dismissal of the

6

appeal from the underlying judgment that there could be anything to work to the advantage of the appellant. Assuming for the moment that the garnishment was premature, we feel that it could constitute a completely unnecessary extra step for us to set aside the judgment here and remand the cause for further action below, for nothing has happened that could change the result.

█ The final claim raised on this appeal is that the deceased insured's administrator was an indispensable party to the garnishment proceedings and that such proceedings were void since he was not joined as a party. We note that when the underlying default judgment was entered against the insured he was alive. As this was the only judgment entered against the insured, we cannot see how his administrator would be an indispensable party to the garnishment proceedings. A judgment having been entered against the insured in the original action, we can see no reason why his administrator would be an indispensable party in a contest between the appellee and the insurance company. No one in the garnishment proceeding is making a claim against the estate. We have read the cases cited by the appellant and do not find them relevant to the matter before us.

For the reasons above stated, the judgment is affirmed.

Judgment affirmed.

LYONS and BURKE, JJ., concur.