Angelo Colon, a Minor, by Jose Colon, His Father and Next Friend, Plaintiff-Appellee, v. Maryanna Marzec, Defendant.
Appeal of Reliance Insurance Company, Garnishee-Defendant-Appellant.

Gen. No. 53,174.

First District, Fourth Division.

November 5, 1969.

Jerome M. Brooks, of Chicago, for appellant.

Howard and Decker, of Chicago (David A. Decker, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

By a garnishment suit, Angelo Colon, plaintiff, obtained a $20,000 judgment against Reliance Insurance Company, garnishee. In this appeal, the contention is made that the garnishment was premature because the underlying judgment was on appeal; and that justice will not be served if the garnishment is collected while appeal from the underlying judgment is pending. The

facts from which these contentions arise are not in dispute.

On January 25, 1967, Angelo Colon, plaintiff, a minor, by Jose Colon, his father and next friend, obtained a $53,000 judgment against an insured of the garnishee. An appeal was taken; and a $75,000 appeal bond was set. The bond was not made; no supersedeas was obtained.

On August 3, while that appeal was pending, plaintiff filed the garnishment. Garnishee's attorney, who also defended the insured in the principal action, prepared the answers to plaintiff's interrogatories to garnishee. In the answer, garnishee said that as insurer it issued a $20,000 policy to plaintiff's judgment debtor. An accompanying affidavit disclosed that the underlying judgment was on appeal, that garnishee was willing, able and ready to deposit with the court the sum of $20,000, plus costs and interest to be held pending resolution of any appeal; and that garnishee was unable to make the supersedeas bond because the judgment against its insured exceeded the limits of the policy. A short time after these affidavits were filed, the garnishment suit was heard; and judgment was entered in favor of plaintiff for $20,000. An appeal bond was set in the amount of $26,000. The bond was made; and appeal in the garnishment suit was perfected.

Abstracts and briefs were filed in the appeal from the underlying judgment. We heard oral argument; and we have reversed, with judgment in this court for garnishee's insured. Colon v. Marzec, 115 Ill App2d 410, 253 NE2d 669. Thus, the ground for the garnishment no longer exists.

 Plaintiff's judgment against garnishee's insured was final. It was a judgment for money in a sum certain. With it plaintiff acquired the right to be paid

$53,000 with interest, Tracey v. Shanley, 311 Ill App 529, 36 NE2d 753; Ill Rev Stats, c 74, § 3 (1967), and the right to enforce the judgment through any mode provided by law. Garnishment was one of the modes by which plaintiff could enforce his judgment against garnishee's insured. Ill Rev Stats, c 62, § 33 (1967). As a judgment creditor, plaintiff could pursue collection of his judgment unless it was stayed in some manner, such as by an appeal accompanied with an adequate supersedeas bond to secure payment of the principal sum, interest, damages, and costs in case the judgment is affirmed or the appeal is dismissed. First Nat. Bank v. Road Dist. No. 8, 389 Ill 156, 58 NE2d 884; Illinois Supreme Court Rule 305(d), Ill Rev Stats, c 110A, § 305 (d) (1967). These are important rights which inured to plaintiff as a judgment creditor.

■ Whether a judgment creditor can proceed with garnishment while the underlying judgment is on appeal has been the subject of two decisions of this court. In Ancateau v. Commercial Cas. Ins. Co., 318 Ill App 553, 48 NE2d 440, we held that a garnishment based on a judgment pending on appeal was premature. In Cuttone v. Peters, 67 Ill App2d 1, 214 NE2d 499, after a review of cases in other jurisdictions, we concluded that recent decisions indicated a trend away from the philosophy expressed in Ancateau. We held that a garnishment based on a judgment being appealed without supersedeas is not premature. Therefore, the trial court was correct in ruling that plaintiff's garnishment suit was proper even though an appeal was pending from the underlying judgment. Cuttone v. Peters, supra; Travelers Ins. Co. v. Pinkerton-Hays Lumber Co. (Fla), 120 So2d 448 (1960); cf. Landis v. New Amsterdam Cas. Co., 347 Ill App 560, 107 NE2d 187.

Garnishee contends, however, that the trial court should have allowed deposit of $20,000, the extent of garnishee's liability on its policy, and entered a stay of the garnishment. It argues that since its liability was limited to $20,000, it had no obligation to post the $75,000 supersedeas bond. We agree that garnishee's liability was limited and that it had no obligation to post a supersedeas bond for its insured. Indeed, any application of Illinois law that might compel garnishee to pay any money it did not owe, or to do anything it did not undertake in its contract of insurance, would raise serious constitutional questions. On the other hand, unless a supersedeas bond secured payment of the underlying judgment plaintiff could insist on its enforcement.

In Cuttone v. Peters, we considered the rights of a judgment creditor and those of an insurance company in situations like the one before us. We said, 67 Ill App 2d 1, at page 6:

> "After careful consideration, we feel that in this matter the interests of a plaintiff in a speedy and sure remedy must come before the interests of the insurance company. Should the underlying judgment be set aside the insurance company surely has a right of action against the plaintiff for recovery of any money it has paid. . . ."

This being so, the trial court correctly rejected garnishee's offer to deposit the policy amount, and entered judgment for plaintiff. The defense interposed was not valid; and in this appeal, garnishee's contentions are without merit. See, Conley v. Singleton (Fla), 171 So 2d 65 (1965).

Ordinarily, these conclusions would lead us to affirm the judgment in this case. But we have reversed plaintiff's underlying judgment. We made this reversal a complete disposition by entering judgment in this court for garnishee's insured. For this reason, we reverse the

282

garnishment judgment and remand with directions that the garnishment writ be quashed and all proceedings thereunder be dismissed.

Reversed and remanded with directions.

DRUCKER, P. J. and ENGLISH, J., concur.