RICHARD ALAN LONG, Plaintiff-Appellee, *v*. DUGGAN-KARASIK CONSTRUCTION COMPANY, Defendant.—(BITUMINOUS CASUALTY CORPORATION, Garnishee-Appellant.)

(No. 58502;

First District (2nd Division)—December 17, 1974.

Leo J. Doyle, Jr. and Leon M. Tarpey, both of Chicago, for appellant.

Nat P. Ozman & Assoc. Ltd., of Chicago (Nat P. Ozman and Joseph Riden, of counsel), for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal arises from a garnishment proceeding. Plaintiff-appellee Richard Alan Long sued Duggan-Karasik Construction Company in tort and obtained a judgment for $175,000. Duggan-Karasik appealed but did not obtain a stay as provided in Supreme Court Rule 305.[1] While that appeal was pending, Long served a garnishment affidavit and interrogatories on garnishee-appellant Bituminous Casualty Corporation, which answered and admitted that from a policy of insurance it had issued, there was in its possession the sum of $82,733.20 which could be applied in partial satisfaction of Long's judgment against Duggan-Karasik. Based on this answer, the trial court entered a garnishment judgment in that amount, and Bituminous perfects this appeal. The issue presented is whether Long's garnishment was premature because Duggan-Karasik, although it had not obtained a stay, was appealing the underlying judgment against it.

■■■ We affirm the garnishment judgment against Bituminous. In doing so, we reject the argument that *Ancateau v. Commercial Casualty Insurance Co.*, 318 Ill.App. 553, 48 N.E.2d 440, states the rule that controls this case. In *Cuttone v. Peters*, 67 Ill.App.2d 1, 6, 214 N.E.2d 499, we held that the interests of a judgment creditor in a speedy and sure remedy by which he can satisfy his judgment must come before the interests of an insurance company. We took occasion to observe that in the event there is an effective garnishment and later the underlying judgment is set aside, "* * * the insurance company surely has a right of action against a plaintiff for recovery of any money it has paid." (67 Ill.App.2d 1, 6.) However, in this case, the underlying judgment was not set aside. To the contrary, on October 21, 1974, this court affirmed Long's judgment against Duggan-Karasik. See *Long v. Duggan-Karasik Construction*, 23 Ill.App.3d 812, 320 N.E.2d 553.

---

[1] With regard to a stay of enforcement of a judgment for money only, this rule provides that "* * * [a]n appeal stays the enforcement of a judgment for money only if a notice of appeal is filed within 30 days after the entry of the judgment appealed from and a bond in a reasonable amount to secure the appellee is presented, approved, and filed within the same 30 days or within any extension of time granted under subparagraph (2) of this paragraph. Notice of the presentment of the bond shall be given to the appellee." Ill. Rev. Stat. 1971, ch. 110A, par. 305(a)(1).

238

■■ In *Colon v. Marzec*, 116 Ill.App.2d 278, 253 N.E.2d 544, we held that a garnishment while an underlying judgment without a stay was being appealed was not premature. *Cuttone* and *Colon* are decisions of this court which indicate a trend away from the philosophy expressed in *Ancateau*, a decision which held premature a garnishment action based on a judgment still pending on appeal. This trend is reflected not only by decisions of reviewing courts in this State but of those in other jurisdictions as well. See *Garmisa v. Garmisa*, 4 Ill.App.3d 231, 234, 280 N.E.2d 455; *Williams v. Moran* (Miss. 1970), 233 So.2d 110; *Conley v. Singleton* (Fla.App. 1965), 171 So.2d 65; Annot., 31 A.L.R.3d 899 (1970).

Affirmed.

HAYES, P. J., and STAMOS, J., concur.