LARRY JOE SHAFER *et al.*, Petitioners-Appellees, *v.* CHRISTINA MARIE SMITH, a Minor, *et al.*, Defendants-Appellees.—(GEORGE SMITH *et al.*, Intervening Petitioners-Appellants.)

Fourth District   No. 12993

Opinion filed May 13, 1976.

Hagin Harper, of Champaign, and Thomas R. Miller, of Monticello, for appellants.

Lawrence Eaton, of Eaton & Finson, of Monticello, for appellees Larry Joe Shafer and Judith Karen Shafer.

Frank J. Kopecky, of Springfield, for appellee Department of Children and Family Services.

Mr. JUSTICE BARRY delivered the opinion of the court:

On May 16, 1974, Larry Jo Shafer and Judith Shafer filed a petition to adopt Christina Marie Smith, an unrelated child. Although there was pending at said time in Champaign County Circuit Court, as consolidated causes 71 J 116 and 72 A 135, a petition by George and Natalie Smith to adopt the same infant, no mention of this fact (of which the Shafers were aware), was made in their petition, nor was it disclosed that the natural parents had consented to the Smiths' adoption petition. Although no final order was entered in the Champaign proceeding until June 7, 1974, the Shafers' petition, apparently relying upon some oral representations of the judge who heard the Champaign cause, or upon a minute entry to the docket there, alleged that the rights of the natural parents had been terminated, that defendant, Richard S. Laymon, Guardian Administrator of the Illinois Department of Children and Family Services had authority to consent to the adoption and had indicated his willingness to do so. Only Laymon and the Illinois Department were joined as defendants. No notice was given to George or Natalie Smith. On July 2, 1974, Laymon for himself as Guardian, and for the Department, entered his appearance and

consented to the Shafers' adoption petition. A copy of a dispositional order entered in Champaign County Consolidated Causes 71 J 116 and 72 A 135 on June 7, 1974, and certified under date of June 11, 1974, was also then filed. That certified Champaign County order adjudicated that the pending adoption petition of the Smiths was denied and dismissed, that the natural parents were unfit, and that the infant ward was placed under the guardianship of Laymon, administrator of the Illinois Department, with power to consent to the child's adoption. Accordingly on said July 2, 1974, the Circuit Court of Piatt County entered a final decree granting Shafers' petition for adoption. On July 25, 1974, George and Natalie Smith filed in this cause petitions for leave to examine the impounded records, and for leave to intervene in this cause because it was commenced without notice to them while their Champaign County cause was still pending, and because they were in the process of perfecting an appeal of the Champaign order entered June 7, 1974. They also filed a motion to vacate the Shafers' adoption decree, alleging many jurisdictional defects. On August 20, 1974, all these petitions by the Smiths were denied, and they accordingly have appealed that ruling.

In view of our finding here, we need not discuss the jurisdictional aspects of this Piatt County proceeding or the absence of any application by the Smiths for a stay in respect to the orders entered in the Champaign proceedings during the period of their appeal of that cause. The pertinent issue here is that the validity of the Piatt County decree of adoption is fully dependent upon the validity of the dispositional order entered in the Champaign proceedings by which the guardian administrator of the Illinois Department obtained authority to appear and consent to the adoption of the infant ward. The validity of that dispositional order was challenged in this court as cause no. 12735 on direct appeal from the Champaign proceedings and was abrogated by our reversal entered May 13, 1976. (*Colon v. Marzec*, 116 Ill. App. 2d 278, 253 N.E.2d 544 (1st Dist. 1969).) For this reason, we reverse the judgment of the Circuit Court of Piatt County and vacate the adoption decree entered July 2, 1974.

Reversed; decree of adoption vacated.

ALLOY, P. J., and STENGEL, J., concur.