No. 52,160

BONNIE S. CANSLER, *Appellee,* v. ALLEN D. HARRINGTON, and DENNIS W. BARTKOSKI, *Appellants.*

(643 P.2d 110)

Opinion filed April 3, 1982.

*Barry W. McCormick,* of Payne & Jones, Chartered, of Olathe, argued the cause and was on the brief for the appellants.

*Charles D. Kugler,* of Kugler and Dickerson, of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is an action for damages arising out of a May 31, 1974, automobile-truck collision between Bonnie S. Cansler, appellee, and appellant, Dennis Bartkoski. Allen Harrington, owner of the truck, was joined as a party defendant-appellant. At trial in February 1980, appellee obtained a $25,000 judgment against Bartkoski, who appeals after denial of his motion for a new trial. Appellee obtained an order of garnishment against Bartkoski's insurance carrier, Farmers Insurance Company, in the absence of a stay. Farmers appeals that order.

The first issue on appeal is whether the threshold requirement of $500 medical treatment expense provided for in K.S.A. 40-3117 must be met within the period for filing actions under the statute of limitations in order for appellee to recover non-pecuniary losses. K.S.A. 40-3117 states:

"In any action for tort brought against the owner, operator or occupant of a

motor vehicle or against any person legally responsible for the acts or omissions of such owner, operator or occupant, a plaintiff may recover damages in tort for pain, suffering, mental anguish, inconvenience and other non-pecuniary loss because of injury only in the event the injury requires medical treatment of a kind described in this act as medical benefits, having a reasonable value of five hundred dollars ($500) or more, or the injury consists in whole or in part of permanent disfigurement, a fracture to a weight-bearing bone, a compound, comminuted, displaced or compressed fracture, loss of a body member, permanent injury within reasonable medical probability, permanent loss of a bodily function or death. Any person who is entitled to receive free medical and surgical benefits shall be deemed in compliance with the requirements of this section upon a showing that the medical treatment received has an equivalent value of at least five hundred dollars ($500). Any person receiving ordinary and necessary services, normally performed by a nurse, from a relative or a member of his household shall be entitled to include the reasonable value of such services in meeting the requirements of this section. For the purpose of this section, the charges actually made for medical treatment expenses shall not be conclusive as to their reasonable value. Evidence that the reasonable value thereof was an amount different than the amount actually charged shall be admissible in all actions to which this subsection applies."

Appellant relies on *Key v. Clegg,* 4 Kan. App. 2d 267, 604 P.2d 1212 (1980). There, unlike the present case, the trial was held within the two-year period of limitation. In holding the plaintiff had to have accrued medical treatment of $500 or more by date of trial to meet the threshold, the court stated:

"Without restating the well-settled rules of statutory construction, when the applicable rules are applied we are convinced it was the legislature's intent when it drafted 1978 Supp. 40-3117 that the monetary threshold must be met not later than the date of trial or the date the cause of action is barred by the statute of limitations, whichever first occurs." p. 273.

In the present case the trial court in examining the pertinent language from *Key v. Clegg* observed:

"If one construes the language 'or the date the cause of action is barred by the statute of limitations,' to be equivalent to the language, 'or the date the cause of action would have been barred by the statute of limitations,' a serious problem would indeed have visited this case. As it is, no statute of limitations ever ran against plaintiff's cause of action, her remedy did not change nor did the theory of her case, and the only result of continued medical expense was to alter the ultimate measure of damages."

The trial court interpreted the language in *Key* to mean the date the cause of action is actually barred controls; thus, if the case is filed within the limitations period the statute of limitations becomes irrelevant, leaving only the requirement that the threshold amount be met before the date of trial. If the case is not filed

within the limitation period, the entire cause of action is barred. In effect the trial court adopted the trial date as the controlling date for meeting the threshold damage issue.

We think the trial court's reasoning is sound and consistent with *Key v. Clegg.* Further, *Cappadona v. Eckelmann,* 159 N.J. Super. 352, 388 A.2d 239 (1978), the case relied on in *Key,* consistently refers to plaintiff meeting the threshold amount *by the time of trial.* 159 N.J. Super. at 356-57. One of the purposes of the automobile injury reparations act is to limit actions for losses from pain and suffering to those actions where "the injury requires medical treatment of a kind described in this act as medical benefits, having a reasonable value of five hundred dollars ($500) or more . . . ." K.S.A. 40-3117. See *Manzanares v. Bell,* 214 Kan. 589, 599, 522 P.2d 1291 (1974); *Dineson v. Towle,* 3 Kan. App. 2d 505, 507, 597 P.2d 264, *rev. denied* 226 Kan. 792 (1979). *Key* accomplishes that purpose. We so hold. Appellant's first issue is without merit.

Next appellant urges the trial court erred in permitting appellee to reopen her case and offer documentary evidence of medical expenses. At the conclusion of appellee's case in chief, appellant moved for a directed verdict because appellee had failed to offer evidence of medical treatment reaching the threshold amount under K.S.A. 40-3117. Up to that time appellee had offered evidence of total medical bills of only $431. Upon appellee's motion for leave to reopen which was sustained, she introduced appellee's exhibits 8, 10, 11 and 12 which showed additional medical treatment in the amount of $714.84.

The parties agreed the decision to allow a party to reopen a case after having rested is within the sound discretion of the trial court and will not be reversed in the absence of a showing of abuse. *Westamerica Securities, Inc. v. Cornelius,* 214 Kan. 301, 306, 520 P.2d 1262 (1974). Here, there is no showing of abuse. Appellant's real argument lies in his claim it was error to admit the exhibits without having laid a proper foundation as to the reasonableness or necessity for the treatment. In *Anderson v. Berg,* 202 Kan. 659, 661, 451 P.2d 248 (1969), we held:

"The fact that a case is reopened for admission of additional evidence in the form of an exhibit furnishes no basis for the abandonment of the necessary preliminary proof to make it admissible."

The issue, then, is what sort of foundation evidence is necessary

preliminary to the admission of medical bills offered to prove the threshold amount under K.S.A. 40-3117. This issue has not been specifically addressed in Kansas. In *Key v. Clegg,* 4 Kan. App. 2d at 274, the Court of Appeals touched on the problem:

"It is not mandatory that the services be recoverable as damages for the plaintiff to include the reasonable value of them in order to meet the monetary threshold requirement. Plaintiff was not required to prove accrued recoverable damages of $500 or more; he was only required to prove that he had received medical treatment with a value of at least $500 . . . ."

This statement of the court, however, is not extremely helpful on the issue we are addressing. It is axiomatic that a foundation must be laid establishing the competency, materiality and relevancy of all evidence prior to admission. Here, however, appellant urges no evidence of reasonableness or necessity of the medical bills was offered. An examination of the record shows appellee testified voluntarily and in detail about her injuries, hospitalization and the doctors she saw as a result of the accident. She discussed bills for medical treatment of injuries resulting from the accident. She merely overlooked offering the identified exhibits prior to resting her case. Appellant's argument essentially is that the admitted exhibits were not relevant because there was no showing of reasonableness and necessity. Relevant evidence is statutorily defined as evidence having any tendency in reason to prove any material fact. K.S.A. 60-401(*b*). Unless provided otherwise, all relevant evidence is admissible. K.S.A. 60-407(*f*). Here the exhibits clearly tended to prove the threshold amount had been met. As such, the evidence was properly admitted. The questions of reasonableness and need for the medical care were questions for the jury which they resolved by finding appellee had proven her medical care exceeded the threshold amount of $500. The appellee, Dr. Brooks and Dr. Whitehead all testified the appellee's treatment was needed, supporting the jury's verdict. It is presumed in a case such as this a doctor's charge is reasonable. See *D. Bolin v. Grider,* 580 S.W.2d 490 (Ky. 1979). Appellant has the right to challenge the reasonableness of the charges, which he did with vigor. The jury believed the appellee. This issue is without merit.

The final issue comes before this court as the result of the consolidation under Supreme Court Rule No. 2.06 of this case and the subsequent garnishment action. The facts are compli-

cated and are herewith set out in detail. The jury rendered a $25,000 verdict against Bartkoski on February 14, 1980. Bartkoski appealed but was unable to post a supersedeas bond. Appellee commenced collection proceedings against Bartkoski and filed a garnishment action against Farmers Insurance Company. Farmers had issued a liability insurance policy to appellant Harrington which covered Bartkoski as a permissive user of Harrington's vehicle. The liability limit of the insurance policy was $15,000. This presented a dilemma to Farmers. The trial court set the supersedeas bond at $25,000, the amount of the judgment. Had Farmers posted the bond, it would have been placing an additional $10,000 at risk, dependent on the outcome of the appeal. The bond is required to pay appellee's judgment if the appeal is unsuccessful and is available for that purpose regardless of the issue between appellant and his insurance carrier. Farmers answered on July 11, 1980, stating it was holding the $15,000 limit of its liability, on behalf of Bartkoski. On July 24, 1980, appellee obtained an ex parte order directing Farmers to pay the funds into court where the clerk was to deduct the court costs and remit the balance to plaintiff and her attorney. On July 29, 1980, Farmers filed a motion to alter or amend the ex parte order. It was overruled. In the meantime the appeal was docketed in the Court of Appeals making it jurisdictionally necessary to request it for a supersedeas bond. On August 21, 1980, the Court of Appeals entered its order directing the trial court to set a supersedeas bond. Farmers then filed a motion with the trial court requesting the bond be set at $15,000 plus interest and costs rather than at the entire amount of the judgment or alternatively that the proceedings be stayed under K.S.A. 60-720(b). The trial court denied the motion and offered Farmers the choice of posting a $25,000 bond, paying the garnished funds into court within one week, or being restrained from doing business in Kansas. Under threat of contempt and the restraining order, Farmers paid $15,638.00 to the court on September 17, 1980. It also filed a notice of appeal in the garnishment action and a motion to set a supersedeas bond in this second appeal. In the meantime, on September 18, 1980, the trial court ordered the Clerk of the Court to endorse Farmers draft to appellee's counsel without recourse. On September 29, 1980, the trial court ordered Farmers to post a $25,000 supersedeas bond on the second appeal.

On September 30, 1980, Farmers filed its "Motion for stay, or, in the Alternative, to set Supersedeas Bond." The Court of Appeals ordered counsel for appellee to retain in his possession all funds received from the garnishment until further order of the court. On November 6, 1980, the Court of Appeals ordered:

"Further proceedings in garnishment are stayed. Funds paid into court by garnishee-appellant now in the hands of counsel for plaintiff per the order of this court of September 30, 1980, are to be repaid to the clerk of the district court and to be held in an interest-bearing account pending final determination of this appeal."

The case was transferred to this court on January 19, 1982.

Since appellant has, with some difficulty, obtained a stay of execution pending appeal, the issue is essentially moot. However, the facts illustrate a problem of sufficient magnitude to justify court clarification. We will consider the issue.

First, policy implications should be discussed. It is inequitable to require an insurance company to post a $25,000 supersedeas bond to stay a garnishment when its policy limits are only $15,000. Further, the fairness of allowing garnishment and payment to appellee of the $15,000 before the appeal is decided is questionable. On the other hand, it has now been two years since the jury awarded appellee $25,000 and she has been the victim of a procedural circus. Let us proceed to establish a procedure with safeguards for judgment creditors which also provides an equitable appellate stay procedure for judgment debtors.

Kansas statutes relevant to the issue include K.S.A. 60-262 and K.S.A. 60-2103(d). K.S.A. 60-262(d) states:

"When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subsection (a) of this section. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court."

K.S.A. 60-2103(d) provides in part:

"Whenever an appellant entitled thereto desires a stay on appeal, he or she may present to the district court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed, or if the judgment is affirmed, and to satisfy in full such modification of the judgment such costs, interest, and damages as the appellate court may adjudge and award."

These statutes point to the dilemma facing many insurance companies. The company is usually not the actual appellant, yet

if it does not step in appellant's shoes and file a supersedeas bond pursuant to K.S.A. 60-2103(*d*), it is subject to garnishment. The language of K.S.A. 60-2103(*d*) is, however, clear and unambiguous. If a supersedeas bond is filed it shall be for the amount of the judgment in full. The real question, then, is whether garnishment proceedings pending appeal are premature when an insurance company refuses to file a supersedeas bond in excess of its obligation to the insured.

One Kansas case has discussed this issue. In *Lechleitner v. Cummings,* 160 Kan. 453, 163 P.2d 423 (1945), plaintiff obtained a judgment for $5,629.17. The insurance company had insured defendant for up to $5,000. The trial court gave the garnishee insurance company the same choice as it did in the case at bar — file a bond for the entire judgment or pay plaintiff the $5,000. The Supreme Court, acknowledging a split of authority, held the garnishment proceedings were premature, seemingly because the judgment against defendant was not "final" and as such the insurance company did not yet owe defendant anything. 160 Kan. at 460. Thus, despite appellee's protestations to the contrary, it appears *Lechleitner* could be controlling authority.

Appellee correctly notes, however, the Illinois decision relied on by the Kansas court in *Lechleitner, Ancateau v. Commercial Cas. Ins. Co.,* 318 Ill. App. 553, 48 N.E.2d 440 (1943), has since been rejected by Illinois courts. In *Cuttone v. Peters,* 67 Ill. App. 2d 1, 214 N.E.2d 499 (1966), a case similar factually to the one at bar, the court stated:

"After careful consideration, we feel that in this matter the interests of a plaintiff in a speedy and sure remedy must come before the interests of the insurance company. Should the underlying judgment be set aside the insurance company surely has a right of action against a plaintiff for recovery of any money it has paid. We must conclude that the opinion in the Ancateau case, supra, [318 Ill. App. 553.] no longer represents the better law." 67 Ill. App. 2d at 6.

*Colon v. Marzec,* 116 Ill. App. 2d 278, 253 N.E.2d 544 (1969), reaffirmed the rule that a plaintiff's suit is proper even though an appeal is pending from the underlying judgment. The court commented:

"We agree that garnishee's liability was limited and that it had no obligation to post a supersedeas bond for its insured. Indeed, any application of Illinois law that might compel garnishee to pay any money it did not owe, or to do anything it did not undertake in its contract of insurance, would raise serious constitutional questions. On the other hand, unless a supersedeas bond secured payment of the

underlying judgment plaintiff could insist on its enforcement." 116 Ill. App. 2d at 282.

See also *Long v. Duggan-Karasik Constr. Co.,* 25 Ill. App. 3d 236, 323 N.E.2d 56 (1974).

The Kansas statutory scheme seems to support appellee's position. A judgment is the final determination of the rights of the parties in an action. K.S.A. 60-254($a$). A judgment becomes effective when it is entered pursuant to K.S.A. 60-258. Obviously, then, a judgment is "effective" before appeal. K.S.A. 60-714 states garnishment is an "aid of execution." Definite procedures to stay the execution of a judgment are provided for. *E.g.,* K.S.A. 60-262($d$) and K.S.A. 60-2103($d$). In the absence of such a stay it must be assumed appellee's judgment will be enforced. Otherwise there would be no need for statutory procedures to stay execution; the act of appealing the judgment would be an automatic stay. We hold the garnishment was not prematurely brought.

However, appellant seeks only to stay the garnishment action against it to the extent of its liability under its policy of $15,000. It does not attempt to stay appellee's action against the appellant Bartkoski. Thus, we hold the garnishee may stay a garnishment action against it by posting a supersedeas bond in the amount of its liability plus costs and interest.

The judgment is affirmed in part and reversed in part consistent with this opinion.