LAURA L. BURKART, Plaintiff-Appellee, *v.* MARY LOU TORAASON, Defendant.—(THE MEDICAL PROTECTIVE COMPANY OF FORT WAYNE, INDIANA, Garnishee-Appellant.)

Third District    No. 81-738

Opinion filed June 18, 1982.

ALLOY, J., dissenting.

James S. Mills and Gates W. Clancy, both of Geneva, for appellant.

James D. Skaar, Donald J. Fabian, and Charles J. Myler, all of Ruddy, Myler, Ruddy & Fabian, of Aurora, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This is an appeal of a garnishment judgment in favor of the garnisher. In a previous and underlying proceeding, plaintiff, Laura Burkart, who is the garnisher in this proceeding, obtained a $350,000 judgment against Mary Toraason, defendant. That judgment debt was insured to the extent of $100,000 by the garnishee, the Medical Protective Company of Fort Wayne, Indiana ("Medical Protective"). Medical Protective attempted to dismiss the garnishment action. A La Salle County Circuit Judge ruled for plaintiff. The garnishee appeals. Ill. Rev. Stat. 1979, ch. 62, par. 52.

The facts are undisputed. On November 9, 1979, the plaintiff sued Mary Toraason for medical malpractice. The defendant had a liability insurance contract with the garnishee which required the latter to defend her against plaintiff's claim. The policy limit was $100,000. Medical Protective undertook the defense, but did so unsuccessfully. On July 10, 1981, the circuit court entered judgment against defendant for $350,000. On October 9, 1981, Mary Toraason filed a timely notice of appeal of that judgment. No appeal bond was posted. Prior thereto, on September 23, 1981, plaintiff filed an affidavit of garnishment in the circuit court, reciting the aforementioned judgment as a debt, that it remained unpaid, and her belief the garnishee was indebted to defendant. Medical Pro-

tective moved to dismiss the action. It said it was not then liable to the plaintiff and based its defense on the insurance contract between it and the defendant, which stated:

"* * *

No action shall be maintained against the Company to recover a loss covered by this policy unless brought after the amount of such loss shall have been fixed either by a final judgment against the insured by a court of last resort after trial of the issue or by agreement of the parties with the written consent of the Company and unless brought within two years and one day after such judgment or written agreement, except that, if such period is in conflict with the statutes of the state wherein this policy is issued, it is hereby amended to conform with such statutes.

* * *"

The garnishee advised the trial judge, at the time of the hearing on the motion to dismiss, that a notice of appeal was filed on the medical malpractice judgment entered against its insured. Medical Protective contended plaintiff's garnishment action was premature, or contingent upon a final judgment entered against Toraason by a court of last resort in the Illinois court system. The trial judge disagreed, and entered judgment for plaintiff for $100,000, the policy limit. This appeal followed.

We are now advised the underlying medical malpractice judgment has been affirmed on appeal. Undaunted, garnishee persists, maintaining the appellate court's judgment is not a final one until the Illinois Supreme Court acts one way or the other on its application for leave to appeal.

The issue before us is whether the aforementioned contractual provision of garnishee's insurance policy precludes recovery by a judgment creditor in a garnishment proceeding until appellate review of the underlying judgment has been exhausted. The answer is yes.

Plaintiff says her garnishment action was timely since Medical Protective did not file an appeal bond in the tort action, which supposedly violated Supreme Court Rule 305 (81 Ill. 2d R. 305). Thus, she concludes, since the underlying judgment was not stayed, it was final. (*Cuttone v. Peters* (1966), 67 Ill. App. 2d 1; *Colon v. Marzec* (1969), 116 Ill. App. 2d 278.) We disagree. For the reasons which follow, we reverse the judgment of the trial court.

In *Ancateau v. Commercial Casualty Insurance Co.* (1943), 318 Ill. App. 553, the underlying judgment of liability exceeded the limit of the policy of insurance. That policy provided:

" 'No action shall lie against the Company unless, as a condition precedent thereto, * * * the amount of the Insured's obligation to pay shall have been finally determined by either judgment against

the Insured after actual trial or by written agreement of the Insured, the claimant, and the Company.' " (318 Ill. App. 553, 559.) The court concluded this no action clause deferred the insurer's duty to pay a judgment against the insured until that judgment became final beyond the possibility of reversal or modification on appeal. In other words, the proceeds of the insurance contract were not subject to garnishment during an appeal of the underlying judgment. The policy language in the instant case is more limiting and more specific than the policy language in *Ancateau*. Going beyond the language of *Ancateau*, the policy language in the case at hand clearly spells out that no action shall be maintained until the judgment has been finally fixed by a court of last resort.

The cases of *Cuttone v. Peters* and *Colon v. Marzec* which are relied on by plaintiff both depart from the ruling and rationale of the earlier case of *Ancateau v. Commercial Casualty*. While we prefer the rationale of *Ancateau* which is supportive of our ruling in the case at hand, reliance on *Ancateau* is not an indispensible underpinning to our ruling. And, while we disagree with the pronouncements of *Cuttone* and *Colon*, the results in those cases are not necessarily inconsistent with the result we reach in the case at hand.

In *Cuttone*, the underlying tort judgment was within the limits of the insurance contract. Consequently, obtaining an appeal bond presented no problem for the insurer. It could have simply filed the insurance policy as collateral for the appeal bond while the underlying judgment was reviewed. But the insurer did not do that. Why it did not is unexplained in the reported opinion. Furthermore, in *Cuttone*, the insurer did not argue that plaintiff's garnishment of the contractual debt was contingent on any provision in its insurance contract with the insured. Thus, the issue of interpretation of the insurance contract was neither raised nor decided in that case. In the case of *Colon v. Marzec*, plaintiff obtained a tort judgment from defendant Marzec for $53,000. An appeal was taken and a $75,000 appeal bond set. The bond was not posted. Hence, no supersedeas issued. The amount of the insurance contract was $20,000. Plaintiff sought to garnish the policy before an appeal of the underlying personal injury suit was decided. The insurer argued that justice would not be served if the amount of the insurance proceeds were collected while an appeal pended on the underlying judgment. This argument was rejected. As in *Cuttone*, the issue of interpretation of the insurance contract was neither raised nor decided in *Colon*.

In *Colon*, as in the cause at bar, the insurer is thrust into a knotty predicament. The underlying judgment exceeds the contractual obligation the insurer potentially owes. Thus, the policy is an unsatisfactory

surety for an appeal bond. Of course, the insurer could file a financial guarantee for the entire judgment. In so doing it would compensate for the difference between the policy limit and the entire judgment or what the court determines is a reasonable amount. (81 Ill. 2d R. 305(a).) But the insurer has no duty to post such additional collateral. Indeed, if it did it might broaden its potential liability beyond the policy limit and its original obligation under the contract with its insured.

In *Colon* the insurer did not rely on any specific contractual provision to buttress its appeal, but essentially asked the court to rewrite its insurance contract by "balancing the equities." This invitation was declined. In the present cause, however, the garnishee argues that the specific no-action clause of its contract makes its liability under such policy contingent upon a final judgment entered by a court of last resort of this State. Such a contract proviso makes this cause distinctly different than that presented in *Colon*.

On the general proposition, various jurisdictions have reached different results. (Annot., 31 A.L.R.3d 899 (1970).) Many of these cases are based on different statutory schemes pertaining to garnishment proceedings. Moreover, we observe that some of these opinions which allow a garnishment action prior to an appellate decision on the underlying suit do so because of the insurer's failure to state specifically in the insurance contract that its liability will not accrue until after judgment rendered against the insured is affirmed on appeal. (*E.g., Conley v. Singleton* (Fla. App. 1965), 171 So. 2d 65.) As stated, Medical Protective explicitly provided in its contract that its liability to pay under the policy was contingent upon a final judgment by a court of last resort. The court of last resort in this State is the Illinois Supreme Court.

Several vital reasons exist for holding that plaintiff's garnishment action is unavailable. First, she could not recover against the garnishee unless the defendant could recover. Unless a debt arose from Medical Protective to the defendant, the plaintiff had no chose-in-action to proceed against. (*Schneider v. Autoist Mutual Insurance Co.* (1931), 346 Ill. 137, 139.) The insurer's liability arose only from the contract of insurance. Next, the Illinois "direct action" statute (Ill. Rev. Stat. 1979, ch. 73, par. 1000 *et seq.*) provides a remedy for the judgment creditor which is limited to the express terms of any insurance coverage. Thus, it would be anomalous for us to ignore the insurer's contract merely because this is a garnishment action. If we did, we would not only ignore the specific language of the contract, but also, in essence, subvert the legislative method devised for a creditor to collect a judgment. *Cf.* Holloway, *Insurer Liability on Appeal of the Excess Judgment*, 61 Ill. B.J. 472 (1973).

As we have indicated above, the contractual clause in the insurance

contract is clear. The reference to a court of last resort is unambiguous. That means the Illinois Supreme Court. And, as we cannot misinterpret that language, neither should we ignore it. Plaintiff in this case, as a third-party beneficiary of the insurance contract, has no higher standing than the insured herself and is in no position to enforce a contract unless the contracting party could, herself, do so. That is the entire point. So-called equitable considerations are insufficient to justify the rewriting of a contract of insurance in favor of an unnamed third-party beneficiary where that insurance contract was bargained for and entered into at arms length between the contracting parties.

For the reasons stated, the garnishment judgment of the La Salle County Circuit Court is hereby reversed.

Reversed.

STOUDER, J., concurs.

JUSTICE ALLOY, dissenting:

I respectfully dissent from the majority opinion. I would affirm on the basis of the conclusion and reasoning of the court in *Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 1060-61, 399 N.E.2d 216. In that case, the court again expressly rejected *Ancateau* even where a contract defense was presented. There the court correctly, I believe, put the interests of a plaintiff in a sure and speedy remedy ahead of the interests of the insurance company. As noted therein, the insurance company has a remedy should the judgment ultimately be reversed on appeal.

In view of the fact that *Kooyenga* is the most recent case of precedential value in this State concerning this issue and the majority opinion in the instant case will be making a contrary change in the applicable rule of law, the issue should be considered by the Illinois Supreme Court.