65 So.2d 878 (1953)
CRISTIANI
v.
CITY OF SARASOTA.
Supreme Court of Florida, Division A.
June 23, 1953.
Rehearing Denied July 15, 1953.
Clyde H. Wilson, Sarasota, for appellant.
Williams, Dart & Bell, Sarasota, for appellee.
TERRELL, Justice.
In March, 1951, Nadio Cristiani, a minor, by his next friend, Adolph Cristiani, filed suit against the City of Sarasota to recover damages for personal injuries. The second amended complaint in substance alleged that on November 8, 1948, a servant of the city acting within the scope of his employment carelessly and negligently backed a truck of the city against the tricycle of Nadio Cristiani causing him to be thrown to the ground and sustain violent blows on his head and body which resulted in blindness of the right eye which was not discovered till March, 1950. A motion to dismiss the amended complaint was granted on the theory that it failed to state a cause of action. Final judgment was entered for defendant, from which this appeal was prosecuted.
The point for determination is whether or not the action was barred by the statute of limitations, Section 95.24, F.S.A., the pertinent part of which is:

*879 "No action shall be brought against any city or village for any negligent or wrongful injury or damage to person or property unless brought within twelve months from the time of the injury or damages."
Casual reading of the statute discloses that any action for damages against the city for injury or damage to person or property must be brought within 12 months. In this case it is pointed out that plaintiff was a minor six years of age at the time of his injury but that its full import, his blindness, did not materialize, or was not known, for 18 months or more, at which time the action was brought. It is contended that under such circumstances, the latter date should be construed as the date the action accrued as well as the date the statute of limitations begins to run.
The general rule seems to be that actions for personal injury based on the wrongful or negligent act of another accrue at the time of the injury and that the statute of limitations begins to run at the same time. The running of the statute is not postponed even though the injury may not materialize or be discovered till later. 54 C.J.S., Limitations of Actions, § 169; 34 Am.Jur., Limitations of Actions, § 160; Canada Dry Bottling Co. v. White, 153 Fla. 70, 13 So.2d 595.
There is some controversy about the meaning of the language "or damage" as used in the Statute. The statute deals with "any negligent or wrongful injury or damage to person or property". We think the phrase "injury or damage to person or property" means "injury to person" and "damage to property". Either one or both might occur simultaneously but in either event the statute begins to run at the time of the accident or misfortune which caused the injury or damage. Any other interpretation placed on the statute would lay it open to endless confusion and uncertainty as to when claims covered by it are barred.
The only other point urged has to do with the question of whether or not the requirement of thirty days' notice of the claim as required by the City Charter was waived in view of the fact that appellant was a minor and the city took notice of the misfortune and paid his hospital bill.
Since we hold that the action was barred by the statute of limitations, it becomes unnecessary to discuss or decide this question so we express no opinion on this point.
The judgment appealed from is accordingly affirmed.
Affirmed.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.