373 So.2d 81 (1979)
Jennie CARTER, Appellant,
v.
Justine E. CROSS, Sam Cross and Cosmopolitan Mutual Insurance Company, Appellees.
No. 78-2052.
District Court of Appeal of Florida, Third District.
July 24, 1979.
*82 Gerald Piken and Barry M. Snyder, North Miami, for appellant.
Pyszka, Kessler & Adams and Thomas M. Carney, Miami, for appellees.
Before PEARSON, HUBBART and SCHWARTZ, JJ.
HUBBART, Judge.
The sole issue presented for review by this appeal is centered on when a cause of action for personal injury sounding in negligence and arising from an automobile accident accrues for purposes of the statute of limitations under Section 95.11(3)(a), Florida Statutes (1977). We hold that the action accrues and the statute of limitations begins to run from the time the injury sustained was first inflicted on the plaintiff and not from the time the full extent of such injuries has been ascertained. This result is not changed by the fact that at the time the injury was first inflicted, the plaintiff had not reached the no-fault threshold under the Florida Automobile Reparations Reform Act [§ 627.737(2), Fla. Stat. (1973)].
The facts of this case are undisputed. On May 18, 1978, the plaintiff Jennie Carter filed a complaint sounding in negligence for personal injuries sustained in an automobile accident with the defendant Justine E. Cross who was operating an automobile owned by the defendant Sam Cross and insured by the defendant Cosmopolitan Mutual Insurance Company. According to the plaintiff's complaint as amended, the accident allegedly occurred on March 8, 1974, wherein the plaintiff was injured, but it was not until June 3, 1974, that the plaintiff met the no-fault threshold requirements of the Florida Automobile Reparations Reform Act [§ 627.737(2), Fla. Stat. (1973)] by ascertaining that her injury was permanent. The action was brought in the Circuit Court for the Eleventh Judicial Circuit of Florida.
The trial court dismissed the action upon the defendants' motion as barred by the applicable four year statute of limitations [§ 95.11(3)(a), Fla. Stat. (1977)]. The plaintiff appeals contending that the statute did not begin to run, as the trial court held, from the date she was injured in the automobile accident, but, instead, began to run from the time she learned her injury was permanent. We cannot agree and affirm.
The law is well-settled that "[g]enerally, in actions for personal injuries resulting from the wrongful act or negligence of another, the cause of action accrues and the statute [of limitations] begins to run from the time the injury was first inflicted and not from the time the full *83 extent of the damages sustained has been ascertained." Seaboard Air Line Railroad Co. v. Ford, 92 So.2d 160, 164 (Fla. 1957). In the instant case, the amended complaint clearly alleges that on March 8, 1974, the plaintiff was injured in an automobile accident which was allegedly caused by the negligent act of the defendant Justine Cross. On May 18, 1978, or more than four years subsequent to this accident, the instant lawsuit was filed. As such, the action was barred by the applicable four year statute of limitations in negligence cases. § 95.11(3)(a), Fla. Stat. (1977). The fact that the full extent of such injuries was not allegedly discovered by the plaintiff until June 3, 1974, when it was learned that such injuries were permanent, does not change this result under the controlling Florida law.
The plaintiff urges, however, that an exception be created to the above rule where, as here, the plaintiff at the time of the initial infliction of injury has not reached the no-fault threshold for recovering damages under the Florida Automobile Reparations Reform Act [§ 627.737(2), Fla. Stat. (1973)]. It is argued that the statute of limitations should begin to run in a negligence action arising from an automobile accident from the time the above no-fault threshold is reached. We cannot agree.
We find nothing in the Florida Automobile Reparations Reform Act, the statute of limitations, or the prior case law of this state to support the creation of such an exception. Contrary to the plaintiff's contention, we do not read Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla. 1974), as creating such an exception as indeed the Court therein expressly recognized that a negligence action arising from an automobile accident can be barred by the statute of limitations by the time the no-fault threshold is reached. Moreover, we are supported in our rejection of this exception by the court of at least one sister state. Rescigno v. Picinich, 151 N.J. Super. 587, 377 A.2d 733 (1977).
Strong policy reasons support the maintenance of the existing law on this subject. Surely, there is a compelling institutional need in this day and age of congested court calendars to set an ascertainable end to the filing of tort actions arising from automobile accidents which already occupy a large percentage of the current trial court dockets. Indeed, the very passage of the Florida Automobile Reparations Reform Act was prompted in part by a desire to reduce such litigation. See Lasky v. State Farm Insurance Co., 296 So.2d 9, 16-17 (Fla. 1974). This institutional need is clearly met by the rule which cleanly cuts off the filing of negligence actions after four years has elapsed from the date of the automobile accident sued upon in which injury is sustained. To create the exception urged by the plaintiff is to extend this limit into the distant future thereby introducing considerable uncertainty into the law as well as unduly prolonging controversy over such cases. The existing rule has the advantage of being certain and yet at the same time is fair as it allows the plaintiff more than ample time to reach the no-fault threshold and file a negligence action following an inflicted injury in a subject automobile accident. Failing that, the plaintiff may collect PIP benefits on a no-fault basis under the above act. Accordingly, we see no valid basis to depart from the established law of this state and decline to adopt the exception urged by the plaintiff.
Affirmed.