Argued and submitted August 22,
reversed and remanded October 27, 1980

# WHITE,
*Appellant,*

*v.*

# GURNSEY, et al,
*Respondents.*

# (No. A7903 01541, CA 16777)
618 P2d 975

William B. Aitchison, Portland, argued the cause for appellant. With him on the brief was Jolles, Sokol & Bernstein, Portland.

Barbee B. Lyon, Portland, argued the cause for respondents. With him on the brief were John E. Frohnmayer and Tonkon, Torp & Galen, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

This is an appeal from an order granting summary judgment in favor of defendants on the ground that the complaint for libel was barred by the statute of limitations. ORS 12.120(2).[1]

Plaintiff and defendant Gurnsey were both employed by defendant Oregon Trail Financial Services, where Gurnsey was plaintiff's supervisor. The complaint alleged that in March, 1978, Gurnsey sent a memorandum to Bankers Life Company, an insurance underwriter for which Oregon Trail Financial Services acted as agent, which contained defamatory statements and caused plaintiff damage. The answer admitted the relationship of the parties and the mailing of the memorandum and denied the balance of the complaint. Defendants further raised affirmative defenses of qualified privilege, the statute of limitations and the truth of the assertions in the memorandum. Plaintiff filed no reply.

Defendants thereafter moved for summary judgment on the statute of limitations defense. They attached a copy of the memorandum in question and an affidavit from the person to whom it was addressed stating that she had received and read the memorandum on March 29, 1978. Defendants contended that plaintiff's complaint was barred because the publication had occurred on that date and the complaint was not filed until March 30, 1979, more than one year later.

Plaintiff responded by memorandum opposing summary judgment and argued (1) that the offending communication had been made with the intent and expectation that it would be forwarded to the main Bankers Life Company office in Iowa, that defendants were therefore legally responsible for this republication, and that the memorandum did not arrive in Iowa

---

[1] ORS 12.120(2):

"An action for libel or slander shall be commenced within one year."

until sometime after March 30, 1978; and (2) that, in any event, plaintiff's cause of action did not accrue until sometime in April, 1978, following his discharge, when he learned of the existence of the defamatory document, and that the statute of limitations did not begin to run until that time. He appended to his memorandum statements made by him on deposition that he did not learn of the statement until April, 1978, and excerpts from defendant Gurnsey's deposition indicating that Gurnsey assumed that the memorandum would be forwarded to the head office. Plaintiff further attached an affidavit by an investigator hired by plaintiff's attorney stating that he had investigated the matter and learned that the retransmitted memorandum did not arrive in Iowa until sometime after March 30, 1978.

Defendants argued (1) that the affidavit of the investigator did not evidence personal knowledge and was therefore impermissible hearsay, (2) that the so-called discovery rule does not apply to defamation actions of this kind, and (3) that the single publication rule applies to give plaintiff a right of action dating only from the first publication.

We conclude for the reasons which follow that the discovery rule is applicable in this case and that plaintiff's deposition demonstrates that an issue of fact exists, rendering summary judgment inappropriate. Former ORS 18.105(3).

The discovery rule was first announced in *Berry v. Branner,* 245 Or 307, 421 P2d 996 (1966), a medical malpractice case in which plaintiff did not discover defendant's negligence in leaving a surgical needle in her abdomen until nine years after the operation. The complaint alleged that plaintiff had diligently sought treatment for the pain since it began two months after the operation. The court considered the two-year statute of limitations (ORS 12.110(1)) then applicable to claims of medical malpractice in light of the general rule set forth in ORS 12.010, which read at the time:

"Actions at law shall only be commenced within the period prescribed in this chapter, after the cause of action shall have accrued, except where a different limitation is prescribed by statute."[2]

After examining the legislative intent with respect to the meaning of the word "accrued," the court concluded that the statute of limitations was intended to preclude the filing of stale claims where the plaintiff "had slumbered for the statutory period during which process was within his reach." 245 Or at 313-14. But, the court reasoned, process is not truly "within reach" if a plaintiff has no way of knowing what causes her pain. Therefore, the court held that a cause of action for malpractice does not accrue until the plaintiff learns, or with reasonable diligence should have learned, that she has a cause of action. *Id.*

Since that time, the discovery rule has been made applicable to a variety of other claims. *Frohs v. Greene,* 253 Or 1, 452 P2d 564 (1969) (negligent medical diagnosis); *U. S. Nat'l Bank v. Davies,* 274 Or 663, 548 P1d 966 (1976) (legal malpractice); *Schiele v. Hobart Corporation,* 284 Or 483, 587 P2d 1010 (1978) (product liability for defect causing industrial disease); *Dower Farms v. Lake County,* 288 Or 669, 607 P2d 1361 (1980) (Tort Claims Act claim for negligent spraying of pesticides); *Repp v. Hahn,* 45 Or App 671, 609 P2d 398, *rev den* 289 Or 373 (1980) (wrongful death).

■ Defendants correctly assert that, as a general rule, a cause of action for libel accrues for statute of limitations purposes on the date of publication. *Bock v. Collier,* 175 Or 145, 151 P2d 732 (1944). In other jurisdictions, there appears to be a split of authority as to whether a discovery rule should apply to defamation actions which involve publications of a confidential nature.[3] In our view, the better reasoned authorities

[2] The present text of ORS 12.010 reads:

"Actions shall be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, except where a different limitation is prescribed by statute."

[3] New York has twice applied its limitation statute without discussion of a discovery rule. *Berger v. Gilbert,* 65 App Div 882, 410 NYS2d 427

and those most in keeping with the policies expressed in *Berry v. Branner, supra,* are those which hold that such a rule is applicable.

Most directly on point is *Kittinger v. Boeing Co.,* 21 Wash App 484, 585 P2d 812 (1978), in which the court held that the discovery rule applied to a confidential business memorandum that in part brought about plaintiff's discharge. The existence of the memorandum was not discovered until ten months later, and plaintiff had no means with reasonable diligence to discover it earlier. 585 P2d at 814-15. In the same vein are *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.,* 61 Ill 2d 129, 334 NE2d 160, 164 (1975) (confidential credit report circulated by defendant to its customers), and *Manguso v. Oceanside Unified Sch. Dist.,* 88 Cal App 3d 725, 152 Cal Rptr 27, 29 (1979) (libelous letter in confidential personnel file of teacher). *See also Brown v. College of Medicine & Dentistry,* 167 NJ Super 532, 401 A2d 288 (1979) (negligent representation by union in processing plaintiff's grievance not apparent until discharge). In each of these cases, the court based its holding on an interpretation of the word "accrues."

■ The memorandum here was confidential in nature and the initial publication was not of the type that plaintiff would be presumed to have known about, even in the exercise of reasonable diligence. Although, technically, at the time of the initial publication of confidential communications in employment contexts some damage occurs, which gives rise to a right of action, in many instances there is no reason for plaintiff to suspect such a publication until he is discharged, and perhaps not even then. *Kittinger v. Boeing Co., supra.* The statutory analysis in *Berry v. Branner, supra,* is equally applicable to the present statute of

(1978); *Fleischer v. Institute for Research in Hypnosis,* 57 App Div 2d 535, 394 NYS2d 1 1977). In *Lashlee v. Sumner,* 570 F2d 107 (6th Cir 1978), the court applied the strict Kentucky statute of limitations although it commented favorably on the discovery rule but was not at liberty to apply it. *See also Patterson v. Renstrom,* 188 Neb 78, 195 NW2d 193 (1972).

limitations, ORS 12.120(2), which is part of the chapter to which ORS 12.010 applies. We conclude, therefore, that the excerpt from plaintiff's deposition is sufficient to create a fact question as to when plaintiff discovered the existence of the memorandum and whether he was diligent in this respect.

Defendants contend that plaintiff pleads no facts which would entitle him to raise the discovery question. This contention was not made in the trial court and therefore is not before us on this appeal; there is no contention that defendants were surprised thereby. We make no ruling with respect to defendants' other contentions.

Reversed and remanded.