Argued and submitted July 20, 1981, affirmed February 8, reconsideration denied March 11, petition for review denied April 20, 1982 (292 Or 863)

## GUILEY,
*Appellant,*

*v.*

## HAMMAKER,
*Respondent.*

(No. 16-80-06434, CA 19884)

640 P2d 664

Clinton D. Simpson, Eugene, argued the cause for appellant. With him on the briefs was Roy Dwyer, P. C., Eugene.

James C. Tait, Oregon City, argued the cause for respondent. With him on the brief were Nelson L. Walker,

and Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

Roberts, J., dissenting.

## GILLETTE, P. J.

This is an appeal from the dismissal of an action for damages on the basis of the statute of limitations. The complaint alleged that an automobile accident occurred on January 13, 1973, when plaintiff was 14 days old. At that time, plaintiff was treated by a physician for a small abrasion on the head. There were no other apparent injuries. In 1980, plaintiff began to exhibit apparent learning difficulties in school. An examination revealed that he had sustained probable damage to an optic nerve, resulting in impaired acuity on the right eye. Plaintiff further alleged that he and his guardian ad litem were unaware of these injuries until April, 1980. The complaint was filed in July, 1980—more than seven years after the accident. Defendant moved to dismiss the complaint on the ground that the action had not been commenced within the time limit provided by ORS 12.160(1).[1] The motion was granted. Plaintiff appeals that ruling, asserting that a cause of action for personal injuries does not "accrue" under ORS 12.160(1) until the full extent of his injury is discovered. We disagree, and therefore affirm.

The specific issue posed by this case is whether the statute of limitations for actions in tort for personal injury begins to run when the plaintiff knows he has been injured by the wrongful conduct of another, although he does not then know the *full extent* of the injury. Defendant cites 51

---

[1] ORS 12.110(1) provides:

"An action for * * * injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; * * *."

ORS 12.160(1) provides:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050, 12.070 to 12.260, 109.100 or 109.125 is:

"(1) Within the age of 18 years,

"* * * * *

"the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

Am Jur2d, *Limitation of Actions,* § 135, 704, (1970) for the proposition that

"* * * where an injury, although slight, is sustained in consequence of the wrongful act of another * * * the statute of limitations attaches at once. It is not required that all the damages resulting from the act shall have been sustained at that time, and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date."

Cases from a number of jurisdictions follow this rule.[2] Plaintiff, however, contends that Oregon recognizes a "discovery rule" in tort cases and that this rule, if correctly applied in this case, will permit him to bring this action.

While Oregon case law has never addressed the precise issue presented in this case, a considerable amount of law relating to discovery of an injury has developed in Oregon.

---

[2] *See* cases cited in the notes at 51 Am Jur2d, *Limitation of Actions,* § 135, 704 and § 136, 705-706 (1970), and two Florida cases, *Carter v. Cross,* 373 So 81 (Fla App 1979), and *Cristiani v. City of Sarasota,* 65 So 2d 878 (Fla App 1953), which are factually similar to this case. In *Carter,* plaintiff was injured in an automobile accident in March, 1974. She learned her injuries were permanent in June, 1974, but she did not file a complaint until May, 1978, more than four years after the accident. The Florida statute provided for a four-year limitation in negligence actions. Plaintiff contended 'that the statute did not begin to run * * * from the date she was injured * * *, but, instead, began to run from the time she learned her injury was permanent." The court said:

"[T]he law is well-settled that generally, in actions for personal injuries resulting from the wrongful act or negligence of another, the cause of action accrues and the statute [of limitations] begins to run from the time the injury was first inflicted and not from the time the full extent of the damages sustained has been ascertained. *Seaboard Air Line Railroad Co. v. Ford,* 92 So2d 160, 164 (Fla. 1957)." 373 So2d at 82, 83.

In *Cristiani,* a minor was injured when a truck driven by a city employe negligently backed over plaintiff's tricycle. The Florida statute of limitations, for an action brought against a city, provided a twelve-month time limit for filing. The accident occurred in November, 1948. The injuries the child received resulted in blindness in his right eye, which was not discovered until March, 1950. Thus it was a year and a half after the accident before the action was brought. The court said:

"The general rule seems to be that actions for personal injury based on the wrongful or negligent act of another accrue at the time of the injury and that the statute of limitations begins to run at the same time. The running of the statute is not postponed even though the injury may not materialize or be discovered until later." (Citations omitted.) 65 So2d at 879.

The basis for the discovery rule was stated in *Berry v. Branner,* 245 Or 307, 312, 421 P2d 996 (1966):

> "To say that a cause of action accrues to a person when she may maintain an action thereon and, at the same time, that it accrues before she has or can reasonably be expected to have knowledge of *any* wrong inflicted upon her is patently inconsistent and unrealistic. She cannot maintain an action before she knows she has one. To say to one who has been wronged, 'You had a remedy, but before the wrong was ascertainable to you, the law stripped you of your remedy,' makes a mockery of the law." (Emphasis supplied.)

In *Schiele v. Hobart Corporation,* 284 Or 483, 587 P2d 1010 (1978), a claim for an occupational disease based on a products liability theory, the Supreme Court said:

> "[T]he statute of limitations begins to run when a reasonably prudent person associates his symptoms with a serious or permanent condition and at the same time perceives the role which the defendant has played in inducing that condition." 284 Or at 490.[3]

In *White v. Gurnsey,* 48 Or App 931, 618 P2d 975 (1980), a libel case, we summarized the development of the discovery rule in Oregon:

> "The discovery rule was first announced in *Berry v. Branner,* 245 Or 307, 421 P2d 996 (1966), a medical malpractice case in which plaintiff did not discover defendant's negligence in leaving a surgical needle in her abdomen until nine years after the operation. * * *
>
> "Since that time, the discovery rule has been made applicable to a variety of other claims. *Frohs v. Greene,* 253 Or 1, 452 P2d 564, (1969) (negligent medical diagnosis); *U. S. National Bank v. Davies,* 274 Or 663, 548 P1d [sic] 966 (1976) (legal malpractice); *Schiele v. Hobart Co.* [sic], 284 Or 483, 587 P2d 1010 (1978) (product liability for defect causing industrial disease); *Dower [sic] Farms, Inc. v. Lake County,* 288 Or 669, 607 P2d 1361 (1980) (Tort Claims Act claim for negligent spraying of pesticides); *Repp v. Hahn,* 45 Or App 671, 609 P2d 398 (1980) (wrongful death)." 48 Or App 934-935.

---

[3] The *Schiele* rule is similar to the rule this court has set forth to govern the 180-day filing requirement for a workers' compensation claim for occupational disease. *See Frey v. Willamette Industries,* 13 Or App 449, 509 P2d 861 (1973); *Templeton v. Pope and Talbot,* 7 Or App 119, 490 P2d 205 (1971).

To those cases can be added *Colvin v. FMC Corporation,* 43 Or App 709, 604 P2d 157 (1979) (a strict liability action based on us of an insecticide); *Adams v. OSP,* 289 Or 233, 611 P2d 1153 (1979) (Tort Claims Act); *Melgard v. Hanna,* 45 Or App 133, 607 P2d 795 (1980) (legal malpractice); and *Hoffman v. Rockey,* 55 Or App 658, 639 P2d 1284 (1982) (medical malpractice).

Of all the cases referred to, *Schiele* is the one most closely resembling the present case. In all of the other cases, either (1) the injured party plaintiff did not know he had been injured for a considerable length of time after the injurious act had, in fact, occurred *(e.g., Dowers Farms, Davies, Frohs, Berry),* or (2) the injured party did not know by whom he had been injured *(Adams).* Only *Schiele* arguably involves a situation in which a plaintiff, after knowing both the fact that she was injured and the identity of those in part responsible, was still permitted to delay bringing her action until she knew of the potential *permanency* of her condition. Although plaintiff does not precisely argue it that way, he could claim that in this case, like *Schiele,* responsibility for bringing this action should have awaited knowledge of his *permanent* condition.

We do not read the case as going so far. *Schiele* was an occupational disease case, a fact which we believe makes its apparent departure from the *Berry/Frohs/Dowers/Farms/Adams* approach more apparent than real. Occupational diseases arise out of a course of events, not out of a discrete act; it is the development and awareness of the disease, not some symptomatology, which is crucial. *See Schiele v. Hobart Corporation, supra,* 284 Or at 489, where the court said:

> "These cases stand for the proposition that the statute of limitations on claims involving negligent infliction of an occupational disease does not begin to run until the plaintiff knows, or as a reasonably prudent person should know, that he has the condition for which his action is brought and that defendant has caused it. Plaintiff's actionable condition in this case is alleged to be her *permanent injuries.* * * * " (Emphasis in original.)

In other words, the court's treatment of the problem in *Schiele* was a result of *the kind of condition complained of.*

Seen in this way, *Schiele* is not a departure from other precedent, but an application of precedent to peculiar facts.

We think the rule of *Schiele* and *Berry,* as well as said of the other cases cited, makes it clear that, under the facts alleged in this case, the statute of limitations has run. Plaintiff's complaint pleads not only the fact of defendant's wrongdoing, *but also the fact that it was known at the time of the incident that plaintiff had been injured.* It may be true that, due to plaintiff's tender age, the *extent* and *degree of seriousness* of the injury was not discoverable, but the problem due to plaintiff's age is precisely what ORS 12.160, n 1, *supra,* was designed to alleviate by granting a potential plaintiff an additional five years, on the sole basis of the potential plaintiff's age, within which to discover the extent of the injury. Plaintiff, already aware of *some* injury, thus had seven years to determine its extent.

■ ■  The discovery rule is a judicial thumb on the scales of justice, designed to ameliorate the potentially harsh consequences of a broad application of statutes of limitation. It is an equitable adjustment in, not an abrogation of, such statutes. We would be abrogating the policy of the statute of limitations if we were to hold that a plaintiff with notice of both an injury and its cause would be excused from bringing an action until he had determined the *full extent* of the consequences of the wrong done him. The order of the trial court dismissing plaintiff's complaint was correct.

Affirmed.

**ROBERTS, J.,** dissenting.

I dissent. My difference with the majority stems from the following language in *Schiele v. Hobart Corporation,* 284 Or 483, 490, 587 P2d 1010 (1978), cited in the majority opinion:

> "[T]he statute of limitations begins to run *when a reasonably prudent person associates his symptoms with a serious or permanent condition* and at the same time perceives the role which the defendant has played in inducing that condition." (Emphasis supplied.) 55 Or App at ——.)

In the case before us, plaintiff was unaware of the injury to the optic nerve which is the basis of his complaint until April, 1980. I would hold that where, as here, plaintiff's initial injury was inconsequential and not the basis for any subsequent legal action, the statute of limitations begins to run at the time at which the serious or permanent injury which is the basis of the complaint, and defendant's possible responsibility therefore, were discovered. Therefore, I respectfully dissent.