409 So.2d 1166 (1982)
FIREMAN's FUND INSURANCE COMPANY, Appellant,
v.
Ada ROJAS, Appellee.
No. 81-656.
District Court of Appeal of Florida, Third District.
February 16, 1982.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Michael J. Murphy, Miami, for appellant.
Carlos B. Fernandez, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
PER CURIAM.
The sole issue presented by this appeal focuses on when the statute of limitations begins to run on an insurer's indemnity claim against a motorist whose negligence resulted in damage to its insured. We hold that an insurer's indemnity claim accrues and the statute of limitations begins to run when the indemnity liability is satisfied.
On July 16, 1975, Marcelino Perez and members of his family were involved in an automobile accident with the appellee Ada Rojas. Appellant Fireman's Fund, Perez's insurer, paid over $15,000 in personal injury protection benefits, uninsured motorist benefits,[1] and property damage benefits to the Perezes on June 29, 1976. On July 17, 1979, Fireman's filed this suit against Rojas seeking recovery of the monies paid. Following discovery, the court below entered judgment on the pleadings for Rojas on the basis that appellant's complaint was barred by the statute of limitations *1167 because suit was not instituted within four years from the date of the injuries.[2]
Appellant contends that in an indemnification action, the statute of limitations begins to run on the date of payment by the party seeking indemnification, rather than the date of injury. We agree and reverse.
As a general rule, an insurer which has paid its insured's claim or loss becomes subrogated to the insured's cause of action against the tortfeasor, and may file suit to recover the amount paid. Holyoke Mutual Insurance Co. v. Concrete Equipment, Inc., 394 So.2d 193 (Fla.3d DCA), pet. for rev. denied, 402 So.2d 609 (Fla. 1981). Prior to the time the insurer has settled, or been held liable on its insured's claim, the insurer has no cause of action for subrogation against the alleged tortfeasor. Quinones v. Florida Farm Bureau Mutual Insurance Co., 366 So.2d 854 (Fla.3d DCA), cert. denied, 376 So.2d 71 (Fla. 1979).
Appellee's reliance upon Carter v. Cross, 373 So.2d 81 (Fla.3d DCA 1979) for her contention that any cause of action arising from the accident must accrue from the date of the accident is misplaced. Carter held only that an action for personal injury accrues and the statute of limitation begins to run against the injured party from the time the injury was first inflicted, not from the time the full extent of such injuries has been ascertained. The Carter opinion did not decide when the statute of limitations begins to run on an insurer's indemnity claim, the controlling issue sub judice.
Common sense dictates that the statute of limitations cannot begin to run on a cause of action before the right to bring such action exists. Precluded by Quinones, supra, from bringing an action for indemnification prior to satisfying its insured's claim, appellant made its last payment of benefits to Perez in June, 1976 and filed this action in July, 1979, clearly within the four year limitations period.[3]See Employers' Fire Ins. Co. v. Continental Ins. Co., 326 So.2d 177 (Fla. 1976) (suit by insurer for indemnification arose only when payment or other satisfaction was made on judgment or debt, and since the date of commencement of the action was within the appropriate limitations period, action not barred by the statute of limitations); Mims Crane Service, Inc. v. Insley Manufacturing Corp., 226 So.2d 836 (Fla.2d DCA), cert. denied, 234 So.2d 122 (Fla. 1969) (cause of action for indemnity predicated on breach of warranty does not accrue until litigation against third party plaintiff has ended or liability, if any, has been settled or discharged by payment).
Accordingly, the judgment under review is reversed and the cause is remanded to the trial court with instructions to reinstate the complaint.
Reversed and remanded.
NOTES
[1] Uninsured motorist benefits were paid because Rojas was denied liability coverage by her carrier, Fidelity & Casualty Company of New York. See Fidelity & Casualty Co. of New York v. Fonseca, 358 So.2d 569 (Fla.3d DCA), cert. denied, 365 So.2d 711 (Fla. 1978).
[2] The parties and the court below agree that a four year statute of limitations governs this litigation although disagreement exists as to precisely which paragraph of Sec. 95.11(3), Fla. Stat. is applicable. Since each of the provisions under subsection (3) defines a four year limitation period, the distinction is not crucial.
[3] Since appellant's indemnification claim was filed within the four year period, we do not decide what effect, if any, Sec. 627.736(3)(d), Fla. Stat. (1975) has on this litigation. Sec. 627.736(3)(d), (repealed for all intents and purposes by Ch. 76-266, § 4, Laws of Fla., effective October 1, 1976) created an indemnification action separate and distinct from that which ordinarily derives from the contract of insurance. Under the terms of this statute, the insurer is precluded from filing suit for indemnification until one year and thirty days after the final payment of benefits to its insured. Thus, whether this section would or would not toll the existing four year limitations period, the outcome here is the same.