**Arron F. JEPSON, Plaintiff and Appellant,**

v.

**STATE of Utah, DEPARTMENT OF CORRECTIONS, Defendant and Appellee.**

No. 910645–CA.

Court of Appeals of Utah.

Jan. 27, 1993.

Anthony M. Thurber, Salt Lake City, for plaintiff and appellant.

Jan Graham and Debra J. Moore, Salt Lake City, for defendant and appellee.

Before BENCH, GARFF and RUSSON, JJ.

## OPINION

RUSSON, Associate Presiding Judge:

Arron F. Jepson appeals the trial court's order granting summary judgment in favor of the State of Utah. We affirm.

## FACTS

The facts are undisputed. On November 14, 1986, a State vehicle driven by a Department of Corrections employee, collided with the rear of another vehicle, which in turn collided with the rear of Jepson's vehicle. Jepson filed his notice of claim against the State on November 23, 1988, and commenced this action on November 21, 1989. The State subsequently filed a motion for summary judgment, arguing that Jepson's suit was barred under Utah Code Ann. § 63–30–12 (1989) because he did not file his notice of claim within one year of the accident. Jepson responded that his claim did not arise until December 8, 1987, when his medical bills exceeded the $3,000 threshold provided by Utah Code Ann. § 31A–22–309(1)(e) (1991), and therefore, he had met the one-year requirement of section 63–30–12. After a hearing, the trial court granted the State's motion on the ground that Jepson's claim arose at the time of the accident, and thus he had not timely filed his notice of claim.

Jepson appeals, challenging the trial court's conclusion that his claim arose at the time of the accident.

## STANDARD OF REVIEW

■ Summary judgments present for review conclusions of law only, because, by definition, summary judgments do not resolve factual issues. *Gridley Assocs., Ltd. v. Transamerica Ins. Co.,* 828 P.2d 524, 526 (Utah App.1992) (citing *Bonham v. Morgan,* 788 P.2d 497, 499 (Utah 1989)). Thus, we accord no deference to the trial court, but review its conclusions for correctness. *Id.* (citing *Bonham,* 788 P.2d at 499).

## ANALYSIS

Jepson contends that the trial court erred in granting the State's motion for summary judgment on the basis of its conclusion that Jepson's claim against the State arose at the time of the subject accident, and thus Jepson did not timely file his notice of claim pursuant to Utah Code Ann. § 63–30–12 (1989). The State responds that the trial court correctly concluded that Jepson's claim arose at the time of the accident, and therefore, the court properly granted the said motion.

Section 63–30–12 provides:

*A claim against the state,* or against its employee for an act or omission occurring during the performance of his duties, within the scope of employment, or under color of authority, *is barred unless notice of claim is filed with the attorney general and the agency concerned within one year after the claim arises,* or before the expiration of any extension of time granted under Section 63–30–11, regardless of whether or not the function giving rise to the claim is characterized as governmental.

Utah Code Ann. § 63–30–12 (1989) (emphasis added).

Specifically, Jepson argues that his claim against the State did not arise until he satisfied one of the threshold requirements of Utah's no-fault statute, Utah Code Ann. § 31A–22–309 (1991), which states:

(1) No person who has direct benefit coverage under a policy which includes personal injury protection may maintain a cause of action for general damages arising out of personal injuries alleged to have been caused by an automobile accident, except where the person has sustained one or more of the following:

(a) death;

(b) dismemberment;

(c) permanent disability;

(d) permanent disfigurement; or

(e) medical expenses to a person in excess of $3000.

Thus, Jepson argues that under section 31A–22–309, his claim did not arise until he had accrued medical expenses in excess of $3000, and consequently, under section 63–30–12, he had one year from that time to file a notice of claim against the State. Such argument is without merit.

■ Utah Code Ann. § 31A–22–309 (1991) neither defines nor governs when a claim arises. Rather, that section merely prescribes certain threshold requirements to be satisfied in order to *maintain* a personal injury cause of action. In *Cappadona v. Eckelmann,* 159 N.J.Super. 352, 388 A.2d 239 (1978), the Superior Court of New Jersey, in determining that the state's no-fault act did not govern when a cause of action accrued, stated:

We see little to distinguish a personal injury claim surviving the threshold requirements from any other kind of similar claim. Complaints are frequently filed before the full facts regarding injury and liability are known.... So in the cases subject to [New Jersey's no fault act], although uncertain that the threshold requirement will be met, a claimant may nonetheless file a complaint in tort realizing, however, that the claim may prove to be not actionable in the event cost of treatment fails to equal the threshold amount, at least by time of trial. A motion to dismiss a complaint so filed during a period in which treatment is continuing or where further treatment is anticipated should not be granted at that point, but either denied without prejudice or held until it is known whether the threshold amount will be realized, perhaps not until trial date. It will be only the extremely rare soft tissue case with treatment therefor not exceeding [the minimum amount] in cost during a two-year period of time which will result in unforeseen serious consequences after trial date that could possibly be affected by this holding. Rearranging traditional concepts of when tort actions accrue should not turn on that rare case.

*Id.,* 388 A.2d at 242. *See also Cansler v. Harrington,* 231 Kan. 66, 643 P.2d 110, 112 (1982) (affirming judgment against defendant where, although plaintiff did not satisfy no-fault threshold of $500 medical expenses within limitations period, she timely

filed action and met threshold by time of trial).

Likewise, in the case at bar, because section 31A–22–309 was not determinative as to when his claim arose, Jepson could have, consistent with that section, filed his notice of claim against the State, as well as filed a suit against the State, prior to incurring $3000 in medical expenses, so long as his expenses exceeded the statutory minimum at time of trial.

The time at which Jepson's claim arose is governed by Utah Code Ann. § 63–30–11(1) (1989), which states that "[a] claim arises when the statute of limitations that would apply if the claim were against a private person begins to run." In *Fields v. Mountain States Tel. and Tel. Co.*, 754 P.2d 677, 678 (Utah App.1988), we stated that, under the applicable statute of limitations, a plaintiff in a personal injury action arising from an automobile accident has four years *from the time of the accident* to commence an action to recover damages. *See also Jackson v. Layton City*, 743 P.2d 1196, 1199 (Utah 1987) (Howe, J., concurring) ("A cause of action for personal injury generally accrues when the accident occurs . . . .").

Furthermore, in *Jackson v. L.P. Transp., Inc.*, 72 N.Y.2d 975, 534 N.Y.S.2d 362, 530 N.E.2d 1282 (1988), the Court of Appeals of New York held that a personal injury plaintiff's cause of action accrues on the date of the accident rather than when the plaintiff fulfills the condition precedent to bring suit under New York's no-fault law. Likewise, in *Carter v. Cross*, 373 So.2d 81 (Fla.App. 1979), *cert. denied*, 385 So.2d 755 (Fla. 1980), the Florida Court of Appeals ruled that the statute of limitations for a cause of action for personal injuries arising out of an automobile accident begins running from the date that the injuries were sustained, irrespective of whether the plaintiff had at that time determined that her injuries were permanent as to meet Florida's no-fault threshold requirements. *Id.* at 82–83.

Applying the foregoing law to the facts of this case, we conclude that Jepson's cause of action against the State ac-

crued on the date of the accident. At that point, Jepson had sustained injury to support a cause of action, irrespective of whether "the full extent of damages has been ascertained," *id.*, as to satisfy Utah Code Ann. § 31A–22–309 (1991).

Moreover, public policy supports our conclusion that a cause of action accrues at the time of the subject accident rather than when a plaintiff satisfies the threshold requirements under section 31A–22–309. As stated by the court in *Carter*:

> Strong policy reasons support the maintenance of the existing law on this subject. Surely there is a compelling institutional need in this day and age of congested court calendars to set an ascertainable end to the filing of tort actions arising from automobile accidents which already occupy a large percentage of the current trial court dockets. Indeed, the very passage of the Florida [no-fault act] was prompted in part by a desire to reduce such litigation. This institutional need is clearly met by the rule which cleanly cuts off the filing of negligence actions after [the limitations period] has elapsed from the date of the automobile accident sued upon in which injury is sustained. To create the exception urged by the plaintiff is to extend this limit into the distant future thereby introducing considerable uncertainty into the law as well as unduly prolonging controversy over such cases. The existing rule has the advantage of being certain and yet at the same time is fair as it allows the plaintiff more than ample time to reach the no-fault threshold and file a negligence action following an inflicted injury in a subject automobile accident. . . . Accordingly, we see no valid reason to depart from the established law of this state and decline to adopt the exception urged by the plaintiff.

*Carter*, 373 So.2d at 83 (citation omitted).

Since Jepson's claim arose at the time of the accident, he had one year from that date to file a notice of claim against the State pursuant to section 63–30–12. Be-

cause he failed to do so, his claim was barred by that section.

## CONCLUSION

The trial court did not err in granting the State's motion for summary judgment on the ground that Jepson did not timely file his notice of claim under Utah Code Ann. § 63–30–12 (1989). Accordingly, we affirm.

BENCH and GARFF, JJ., concur.