954 So.2d 734 (2007)
James CARTER, Appellant,
v.
LOWE'S HOME CENTERS, INC. and Lowe's-Companies, Inc., Appellees.
No. 1D06-3868.
District Court of Appeal of Florida, First District.
April 26, 2007.
*735 Douglass A. Kreis and Joshua A. Jones of Aylstock, Witkin, Kreis & Overholtz, PLC, Pensacola, for Appellant.
Michelle L. Hendrix of Vernis & Bowling of Northwest FL, P.A., Pensacola, for Appellees.
PER CURIAM.
James Carter appeals a final order dismissing his complaint with prejudice based upon the statute of limitations, section 95.11(3)(a), Florida Statutes (2002). Carter's complaint alleged that, on February 23, 2002, he sustained injuries when he slipped and fell on wet plant material on the premises of a home improvement store owned and operated by Lowe's Home Centers, Inc., and Lowe's-Companies, Inc., appellees. Carter's complaint was filed on March 2, 2006, more than four years after the date of the alleged accident. Carter argues that, because he did not know the extent of his injuries until he sought medical assistance on March 1, 2002, the common law delayed discovery doctrine applies and, as a result, his cause of action did not accrue until March 1, 2002. We agree with the trial court that the delayed discovery doctrine is not applicable here.
As the Florida Supreme Court explained in Hearndon v. Graham, 767 So.2d 1179, 1184 (Fla.2000), "[t]he `delayed discovery' doctrine generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." (Citations omitted). In the vast majority of cases, the cause of action accrues when the event giving rise to the damage occurs. Id. at 1185, n. 3. The delayed discovery doctrine was reserved to those cases where the plaintiff cannot readily discover the injury done to him. Id. In this case, nothing prevented Carter from discovering that he slipped and fell and that he might have been injured as a result thereof. See also Cristiani v. City of Sarasota, 65 So.2d 878 (Fla.1953)(statute of limitations generally runs from the notice of the negligent act rather than notice of its consequences).
AFFIRMED.
BARFIELD, WOLF, and VAN NORTWICK, JJ., concur.